IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK R. PALESH,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPT. OF VETERANS AFFAIRS,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR OFFICIAL SERVICE OF PROCESS AND MOTION FOR APPOINTMENT OF COUNSEL<br><br><br>Case No. 2:15-CV-201 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Plaintiff's Motion for Official Service of Process and Motion for Appointment of Counsel. For the reasons discussed below, the Court will deny both Motions.

　　　　On March 26, 2015, Plaintiff submitted his Application to Proceed in District Court Without Prepaying Fees or Costs. The Court denied Plaintiff's request to proceed *in forma pauperis*, finding that Plaintiff had the ability to pay the filing fee. Plaintiff did pay the filing fee and his Complaint was lodged on April 8, 2015. Plaintiff now seeks service of process and the appointment of counsel.

　　　　As stated, Plaintiff was denied permission to proceed *in forma pauperis*. This denial removes the privilege of filing a case without paying the filing fee and also shifts the responsibility for service of process back to Plaintiff. Therefore, the Court will deny Plaintiff's Motion for Official Service of Process. Plaintiff must effect service in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Turning to Plaintiff's Motion for Appointment of Counsel, the Court notes that Plaintiff has no constitutional right to counsel.[1] The Court may appoint counsel in its discretion. When deciding whether to appoint counsel, the Court considers a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[2]

Considering these factors, the Court declines to appoint counsel at this time. At this stage, it is unclear whether Plaintiff's claims are meritorious. Plaintiff's claims are not complex, either factually or legally. Finally, it appears that Plaintiff has the ability to present his claims. Therefore, the Court will deny Plaintiff's Motion, but may revisit this issue in the future.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Official Service of Process and Motion for Appointment of Counsel (Docket Nos. 4 and 5) are DENIED.

DATED this 27th day of April, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[2] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).